UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| OKEY GARRY OKPALA,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-1069;<br>SECTION "P" |
| VERSUS | JUDGE JAMES |
| WARDEN, ET AL.,<br>Respondents | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed on July 18, 2016, by pro se Petitioner Okey Garry Okpala (A#026-596-316). Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE).  He is being detained at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Petitioner challenges his pre-removal order detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

Petitioner is a native of Nigeria. On August 10, 1982, Petitioner was admitted to the United States as a student. (Doc. 1, p. 32). On December 8, 1996, Petitioner's status was adjusted to that of a permanent resident alien based on his marriage to a U.S. citizen. (Doc. 1, p. 32).

Petitioner was naturalized as a U.S. citizen on March 6, 1992. On August 10, 1993, Petitioner was convicted of numerous charges relating to the importing and trafficking of heroin and making false statements in support of his citizenship application. (1:93-cr-0092, N.D. Ga.).

Petitioner's conviction was affirmed on appeal. See United States v. Okpala, 111 F.3d 895 (11th Cir. 1997), writ denied, Okpala v. United States, 522 U.S. 1097 (1998).

On December 1, 1993, the district court issued an order revoking Petitioner's certificate of naturalization. (1:93-cr-0092, N.D. Ga., Doc. 112). It does not appear that Petitioner appealed the order.

Subsequent to his release from federal prison, the DHS detained Petitioner at a facility in Basile, Louisiana. On December 20, 2015, Petitioner filed a motion for a bond hearing. (Doc. 1, p. 33). The bond hearing was held on January 5, 2016. At the hearing, the immigration judge determined that Petitioner was subject to mandatory detention, so it did not have jurisdiction to review Petitioner's custody status. (Doc. 1, p. 33-34).

Petitioner asked that the immigration judge reconsider the bond determination of January 5, 2016, claiming that there were uncertainties regarding his U.S. citizenship. (Doc. 1, p. 36). The immigration judge denied the request because the record contained an order from the United States District Court for the Northern District of Georgia that denaturalized Petitioner. (Doc. 1, p. 36).

Petitioner appealed the decision of the immigration judge to the Board of Immigration Appeals ("BIA"). The BIA concluded that Petitioner was subject to mandatory detention under section 236(c)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1226. Thus, on May 13, 2016, the BIA dismissed Petitioner's appeal and request for a custody redetermination hearing. (Doc. 1, p. 42).

On June 6, 2016, Petitioner filed a "motion for bond pending the final resolution of removal proceedings" in the immigration court. (Doc. 1, p. 54). The judge found that there had

been no material change in circumstances since the prior custody determination, and the request for change in custody status was denied. (Doc. 1, p. 54-55).

On July 11, 2016, Petitioner filed an "expedited petition for a judicial declaration of United States citizenship or national" in the U.S. Fifth Circuit Court of Appeals. (Doc. 1, p. 57). According to court records, the petition remains pending in the Fifth Circuit. (5th Cir. Docket #16-60481).

## Law and Analysis

This Court has subject matter jurisdiction over Petitioner's challenge to the constitutionality of his pre-final deportation order detention. See Demore v. Kim, 538 U.S. 510, 517-18 (2003) (analyzing challenge to mandatory detention under 8 U.S.C. § 1226(c)); Oyelude v. Chertoff, 125 Fed. App'x 543, 546 (5th Cir. 2005); Ly v. Hansen, 351 F.3d 263 (6th Cir. 2003) (holding courts can conduct habeas review of § 1226 detentions).

Petitioner seeks release from custody because he was allegedly denied the right to a fundamentally fair custody or bond redetermination hearing. (Doc. 1, p. 1-2). According to documents submitted by Petitioner, he was not denied a bond hearing. The hearing was conducted on January 5, 2016. (Doc. 1, p. 36). Petitioner's motion to reconsider was denied (Doc. 1, p. 36), as was his appeal (Doc. 1, p. 39-42). Petitioner has not alleged how his bond hearing or other custody proceedings were fundamentally unfair or otherwise unconstitutional.

Petitioner argues that he is a naturalized citizen and not subject to removal. However, Petitioner's citizenship was revoked and his certificate of naturalization was cancelled on December 1, 1993. (1:93-cr-0092, N.D. Ga., Doc. 112). The order was based on Petitioner's conviction of unlawfully procuring citizenship in violation of 18 U.S.C. § 1425. (Doc. 1, p. 40). It does not appear that Petitioner appealed the order. Thus, Petitioner is not a citizen of the United States.

Petitioner argues that the immigration judge and BIA wrongfully determined he is subject to mandatory detention. The Immigration and Naturalization Act ("INA") has two sections that allow for the detention of aliens. Section 236(c) of the INA, 8 U.S.C. § 1226(c), makes it mandatory for the Attorney General to detain any alien who has been convicted of a class of enumerated felonies. Additionally, § 236(a) of the INA, 8 U.S.C. § 1226(a), gives the Attorney General the discretion to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States.

As the immigration judge and BIA pointed out, under section 236(c)(1)(B), the Attorney General <u>must</u> take in to custody any alien who "is deportable by reason of having committed any offense covered" in sections 212(a)(2), 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of the Act. 8 U.S.C. § 1226. Section 237(a)(2)(B) of the Act renders an alien removable if he or she, at any time after admission, has been convicted of a violation of (or a conspiracy to violate) any law or regulation of a state, the United States, or a foreign country relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. <u>See</u> 8 U.S.C. § 1227. Petitioner was convicted of heroin conspiracy, distribution of heroin, and importation of heroin, which is a controlled substance. <u>See</u> 21 U.S.C. § 812. Thus, he is deportable and subject to mandatory detention.

Moreover, the United States Supreme Court has held that detention during a petitioner's removal proceedings is a constitutionally permissible part of the removal process. <u>See</u> <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003) (<u>citing</u> <u>Wong Wing v. United States</u>, 163 U.S. 228, 235 (1896); <u>Carlson v. Landon</u>, 342 U.S. 524 (1952); <u>Reno v. Flores</u>, 507 U.S. 292 (1993)).

To the extent that Petitioner attempts to challenge the order revoking his certificate of naturalization, his claim fails. When a person is convicted of knowingly procuring naturalization in violation of law, like Petitioner was, the court in which such conviction is had <u>shall</u> revoke,

set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. See 8 U.S.C. § 1451(e); United States v. Moses, 94 F.3d 182, 188 (5th Cir. 1996) (revocation of citizenship mandatory upon conviction under § 1425). Petitioner's citizenship was revoked in 1993 by the Northern District of Georgia, as required by law. Petitioner did not appeal the order revoking his citizenship, and this court lacks jurisdiction to review the district court's order.

To the extent that Petitioner challenges his underlying criminal conviction, this Court lacks jurisdiction to adjudicate the claim. A § 2255 motion in the court of conviction should be used to vacate, set aside, or correct a sentence based on errors that occurred "at or prior to sentencing." Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)).  Petitioner previously filed a § 2255 motion, which was denied. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 353, 386).

Section § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence only if he can satisfy the mandates of the § 2255 savings clause. Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). In order to meet the savings clause, Petitioner must show that (1) the petition raises a claim "that is based on a retroactively applicable Supreme Court decision;" (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion;" and, (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense." Reyes–Requena, 243 F.3d at 904. Petitioner has not raised a claim based on a retroactively applicable Supreme Court decision. Thus, he cannot meet the savings clause of § 2255.

Because Petitioner is not a U.S. citizen and because he is subject to mandatory detention, Petitioner cannot show that his custody violates the Constitution or laws of the United States. Therefore, IT IS RECOMMENDED that the § 2241 petition be DENIED and DISMISSED.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Lafayette, Louisiana, this 16th day of August, 2016.

_____
Patrick J. Hanna
United States Magistrate Judge